## BOWEN v. MAY et al.

The provisions of the thirty-second section of the Practice Act, which, in actions against two or more defendants, all of whom are not served, authorizes judgment to be entered to bind the joint property of all the defendants, does not apply to actions for the foreclosure of mortgages on real estate.

The fact that two or more persons join in the execution of a mortgage of lands, does not raise a presumption that the estate mortgaged is joint property.

In order to constitute a joint estate in lands in two or more persons, such estate must be expressly declared as such in the conveyance, otherwise the estate conveyed will be held by the grantees as tenants in common.

APPEAL from the Fourteenth District, County of Sierra.

This was a bill for the foreclosure of a mortgage.

The action was brought upon notes and a mortgage executed by

Bowen *v.* May.

both of the defendants.    The mortgage is in the usual form of a joint mortgage ; and, to secure the payment of three several promissory notes given for the purchase money of a mining claim, grants, bargains and sells to the plaintiff the said premises.

Personal service was had upon defendant Elliott, and upon failure to answer judgment was rendered by the Court on the application of plaintiff, ordering a sale of the mortgaged property for the payment of the debt and execution against the joint property of defendants, and the separate property of defendants served with process.

A motion was made in the Court below to set aside the judgment on the ground that no service of process was had on either defendant.

The Court overruled the motion, and this appeal is taken by defendants from the order overruling said motion, and from the final judgment.

The return on the summons is in the following language :

" STATE OF CALIFORNIA,    District Court Fourteenth Judicial Dis-
    " County of Sierra,        trict, in and for Sierra County.

" BRACKETT BOWEN,
                *v.*
" J. J. MAY AND ED. E. ELLIOTT.

" THOMAS ALDRICH, being duly sworn, says: that he is a white male citizen of the United States, and over twenty-one years old ; that upon the twenty-third of June, A. D. 1858, at Alleghanytown, in the County of Sierra, he served a certified copy of the summons hereto attached, and a certified copy of the complaint attached to said summons, issued in the above entitled cause, upon the defendant Ed. E. Elliott, by delivering the same to him personally at said place.

" THOMAS ALDRICH.

" Sworn to, subscribed before me this
    23d day of June, A. D. 1858,

                " B. D. S. MARVIN, *Notary Public.*"

*M. Kirkpatrick* for Appellants.

I. The Court erred in adjudging that defendant May was indebted to respondent.

II. The Court erred in decreeing a sale of the mortgaged premises.

III. The Court erred in decreeing a sale of May's interest in the mortgaged premises.

IV. The Court erred in overruling defendants' motion to set aside the decree.

1. Upon the first, second and third points, I submit that the decree is erroneous, in this—that the Court has no jurisdiction of the person of defendant May, yet the Court adjudges that said May is indebted to the respondent, and decrees a sale of his interest in the mortgaged premises. It is said that this decree is authorized, sec. 32 Prac. Act.

This section should receive a strict construction. I contend that it is inapplicable to equity cases—foreclosure cases. "Judgment" may be entered against parties "jointly indebted on a contract, so far only as that it may be enforced against the joint property of all, and the separate property of the defendant served." This language is not comprehensive enough to include a case like this.

Again: It nowhere appears that the mortgaged premises is the "joint" property of the defendants. It is only the joint property of a defendant not served that can be thus subjected.

2. I contend that sec. 32 Practice Act, so far as it permits judgment to be entered against a defendant not served, is unconstitutional. Sec. 8, art. 1st Const. Cal. provides, that no person "shall be deprived of life, liberty or property without due process of law." Here the defendant is deprived of his property without any process of law whatever. The Court, without jurisdiction of his person, decrees the sale of his property. If the Legislature can go thus far, may it not in any case permit property to be taken without process of law ?

*W. W. Upton and Vanclief & Stewart* for Respondent.

This return shows that Thomas Aldrich was competent to serve the process, (Practice Act, sec. 28) and that he did the acts required to be done in the service of the summons and complaint, to wit : delivered the same personally to defendant. Practice Act, sec. 29.

Independent of the return on the summons, the Court finds, as a fact, that process was served, etc. ; and the finding of the Court is

Bowen *v.* May.

conclusive as to that fact, until some showing is made to the contrary. Alderson *v.* Bell and Wife, 9 Cal. 315.

It may be objected that service of process was not had upon both of the defendants.

The complaint and mortgage which is made a part of the complaint, show that the two notes sued on were joint as well as several; that the mortgage was the joint contract of both defendants, given for the purchase money, and that the mortgaged property was the joint property of both defendants. No personal judgment was taken to be enforced against the property of the party not served. The record shows that the judgment is authorized by sec. 32 of Practice Act.

The only advantage of this provision is to enable the plaintiff to enforce his judgment against the joint property. Such provisions are common in other States, and are enforced by the Courts. Carnan *v.* Townsend, 6 Wendell, 206; Melvin *v.* Kimball, 23 Wendell, 293.

There is no distinction made by our statute between judgments at law or in equity; both are called judgments, and the thirty-second section of Practice Act applies to all cases of judgments upon joint contracts without exception.

TERRY, C. J., delivered the opinion of the Court—FIELD, J., and BALDWIN, J., concurring.

The provisions of the thirty-second section of the Practice Act, which, in an action against two or more defendants, all of whom are not served with process, authorizes judgment to be entered to bind the joint property of all, does not apply to proceedings for the foreclosure of a mortgage on real estate.

The fact that two persons join in a mortgage of lands does not raise a presumption that the estate conveyed is joint property. Joint tenancies are not favored by our system—the statute having abrogated the common law rule of conveyances in this respect—so that in order to constitute a joint estate in lands in two or more persons, such estate must be expressly declared in the conveyance itself, otherwise the estate conveyed will be held by the grantees as tenants in common. Wood's Dig., art. 380.

Judgment reversed and cause remanded.