[Sac. No. 815.  In Bank.—February 1, 1902.]

135  455
e147 559

EARLL H. WEBB, Administrator with the Will annexed of John E. Church, Deceased, Respondent, v. MARY WINTER, and I. SOBEL, Appellants.

EJECTMENT—ACTION BY ADMINISTRATOR—STATUTE OF LIMITATIONS—ADVERSE POSSESSION.—An action of ejectment by an administrator to recover the possession of real property of the decedent is barred by the adverse possession of the defendant for the period prescribed by the statute of limitations.

ID.—RIGHT OF POSSESSION OF TRUSTEE.—The right of possession resting in an administrator or executor is barred in the same way as the right of possession of any other trustee, by adverse possession.

ID.—MORTGAGE BY EXECUTRIX AS INDIVIDUAL—FORECLOSURE—SHERIFF'S DEED—ADVERSE POSSESSION OF PURCHASER.—Where the will of a deceased person made his widow the executrix, and also the devisee of a life estate, with remainder to the children, and gave her power to dispose of the estate for the support of herself and children, and she, in her individual capacity, mortgaged the entire land as security for a loan, and, upon foreclosure proceedings had against her and the children, the decree, sale, and sheriff's deed purported to vest the estate in fee in the defendant as purchaser, who took possession thereunder, collected all rents, paid all taxes, and exercised complete ownership for six years prior to the commencement of an action of ejectment by the administrator with the will annexed, the purchaser thereby acquired a title to the premises by adverse possession, as against such administrator, and it is immaterial what legal interest was acquired by the foreclosure, sale, and deed.

ID.—COINCIDENCE—RIGHTS OF EXECUTRIX AND DEVISEE—ADVERSE ENTRY OF PURCHASER—TRESPASS—RUNNING OF STATUTE.—The fact that the widow of the deceased was both executrix and devisee under the will is a mere coincidence. As executrix she was not co-tenant with a devisee or heir; and her right of possession as executrix entitled her to oust from possession, as a trespasser, the purchaser under foreclosure of the mortgage made by her in her individual capacity. From the moment of the adverse entry of the purchaser into possession, as claimant of the title in fee, the statute of limitations began to run against the executrix.

APPEAL from a judgment of the Superior Court of Tehama County and from an order denying a new trial. Edward Sweeney, Judge.

The appellant I. Sobel claimed merely as a tenant in possession under the appellant Mary Winter. Further facts are stated in the opinion of the court.

H. P. Andrews, and Grove L. Johnson, for Appellants.

Webb & Espey, for Respondent.

GAROUTTE, J.—This action is brought by the plaintiff, as administrator, to recover the possession of certain lands.

There is but little controversy about the facts, which are substantially as follows: John E. Church died, leaving a will, by the terms of which his wife was appointed executrix. He also left surviving him two children. By the terms of the will the property was devised to his surviving wife during her life, and at her death to be divided between the children. The will also authorized the executrix, if necessary for the support of herself and children, to dispose of said lands at private sale, without an order of court. Elizabeth A. Church, the widow, qualified as executrix, and continued to act as such for several years. During that time she borrowed two thousand five hundred dollars from defendant Winter, and also two thousand five hundred dollars from the husband of said defendant, and; to secure said loans, she, in her individual capacity, executed mortgages upon the aforesaid property. Defendant succeeded to the title of the note and mortgage given to her husband, and the indebtedness not having been paid when due, she brought an action to foreclose the mortgages, making Elizabeth A. Church personally a defendant, and also the two children, who at this time had arrived at the age of majority. The complaint alleged that these aforesaid children claimed to have some interest in or to said premises, which interest was acquired subsequent to plaintiff's lien. Mary Winter became the purchaser of the property at foreclosure sale, and entered into possession under the certificate of purchase, claiming title thereto. Thereafter Mrs. Church died pending the administration of the estate, and this plaintiff was appointed administrator in her place and stead, and as such administrator brought the present action in ejectment.

In this litigation the court is not concerned as to the individual legal status of the two adult children. If they have

rights above and beyond that of the administrator, those rights are not in litigation here. The administrator, as such, has brought the present action to recover the possession of this land, and the question here presented as to the respective rights of the administrator and the defendants to that possession is the only question before the court. As to the defendant's right of possession, the court only deems it necessary to examine it from the standpoint of the statute of limitations. Upon that branch of the case the material facts are these: The money was a personal loan to Mrs. Church. The mortgages purported to give the entire tract of land as security for its repayment. The foreclosure proceedings attempted to foreclose all interest of Mrs. Church and the children in the property. The decree is direct to that effect, and the certificate of sale and the deed of the sheriff purport to transfer the title in fee of all the land to the defendant Mrs. Winter, who was the purchaser at the sale. She took possession of the entire tract under that deed, collected all the rents, paid all the taxes, and exercised complete ownership over the property, claiming to own the same as against all the world. Such claim continued for the period of about six years, and up to the time of the inauguration of the present action. Mrs. Church, as executrix, or as devisee; after the sale never made any claim to the property, or the right to the possession thereof, while before the sale she was in the possession as executrix. There seems to be no question as to the existence of the foregoing facts, and, taking them as a basis, the conclusion is plain that defendant has gained title to this property as against the administrator by adverse possession. It is an immaterial matter as to the amount of interest in the land defendant secured under the foreclosure proceedings. It is sufficient that she took possession under a deed which upon its face purported to convey title to it all, and considering that fact in connection with her open claim of ownership of it all, and the relinquishment of possession by the executrix of it all, it is inconceivable that defendant's possession was not adverse to any right of possession in the executrix. The right of possession resting in an executor or administrator is barred in the same way as the right of possession in any other trustee. (*Meeks* v. *Olpherts,* 100

U. S. 564; *McLeran* v. *Benton,* 73 Cal. 329.[1]) Again, the fact that Mrs. Church was both executrix and devisee is a coincidence only. If Webb had been administrator at the time these loans were made, and had brought the present action, as he has here brought it, he could not have recovered upon the facts. Yet the case at bar, tested by its legal aspect, is the same. An executor or administrator is not a co-tenant with a devisee or heir. The executor or administrator is entitled to the possession against the devisee or heir. The defendant by taking possession, collecting the rents, and exercising complete ownership over this property during the progress of administration, as against the executrix of the estate, was a trespasser, and could have been ejected at any time. This being so, from the moment Mrs. Winter entered into possession the statute was put in motion against the executrix. It becomes unnecessary to consider the remaining questions raised by appellant.

For the foregoing reasons the judgment and order denying a motion for a new trial are reversed and the cause remanded.

Harrison, J., Van Dyke, J., Temple, J., Henshaw, J., and Beatty, C. J., concurred.

Rehearing denied.