[Sac. No. 1187. Department Two.—August 22, 1905.]

FLORA C. PRYOR, and C. E. CHURCH, Appellants, v. MARY WINTER, Respondent.

REAL PROPERTY—LIFE ESTATE—ESTATE IN REMAINDER.—An estate in remainder in real property is distinct from that of a preceding life estate; and the tenant in remainder cannot be in any way affected or defeated by any act of the life tenant or his grantee.

ID.—ADVERSE POSSESSION—STATUTE OF LIMITATIONS.—The possession of the tenant or his grantee cannot be deemed adverse to the remainderman; and the disseizin of the life tenant cannot affect the remainderman; nor can the statute of limitations begin to run against the remainderman until the termination of the life estate, when he becomes entitled to the possession.

ID.—CONSTRUCTION OF CODE PROVISIONS.—The code provisions relating to the statute of limitations are to be construed together, and in view of the presumption that the legislators are acquainted with well-settled principles of law, and legislate with reference thereto.

ID.—FORECLOSURE OF MORTGAGE AGAINST LIFE TENANT—PARTIES—DEFAULT OF REMAINDERMEN — PARAMOUNT TITLE.—Notwithstanding the remaindermen were made parties defendant to the foreclosure of a mortgage executed by the life tenant, under an allegation that they claimed some interest subject to the mortgage, and made default, their estate in remainder was not subject to the mortgage, but is a paramount, independent title, which could not be determined in the action, and is not bound by the decree and sale thereunder.

ID.—JUDGMENT IN EJECTMENT AGAINST ADMINISTRATOR OF TESTATOR—REMAINDERMEN NOT CONCLUDED.—A judgment against the administrator of the testator (who devised the life estate and estate in remainder) in an ejectment suit brought by such administrator to oust the purchaser under foreclosure of the mortgage of the life tenant, cannot conclude the holders of the estate in remainder. Such administrator is not a trustee for the remaindermen.

APPEAL from a judgment of the Superior Court of Tehama County and from an order denying a new trial. E. A. Davis, Judge.

The facts are stated in the opinion of the court.

J. J. Wells, and Earll H. Webb, for Appellants.

Adverse possession and the statute of limitations do not run against remaindermen pending the life estate. (Civ. Code,

secs. 740-742, 749; *Dunn* v. *Schell,* 122 Cal. 626, 55 Pac. 595; *Bowen* v. *Brogan,* 119 Mich. 218, 75 Am. St. Rep. 387, 77 N. W. 942; *Hamilton* v. *Wickson,* 131 Mich. 71, 90 N. W. 1032; *Hall* v. *French,* 165 Mo. 430, 65 S. W. 769; *Streeter* v. *Paton,* 7 Mich. 341; *Marvin* v. *Schilling,* 12 Mich. 356; *Edwards* v. *Evans,* 16 Wis. (181), 193; Tiedeman on Real Property, par. 400; *Bennet* v. *Garlock,* 10 Hun, 341; *Higgins* v. *Crosby,* 40 Ill. 260; *Mettler* v. *Miller,* 129 Ill. 630, 642, 22 N. E. 529; *Smith* v. *Patterson,* 95 Mo. 525, 8 S. W. 567; *Keith* v. *Keith,* 80 Mo. 125.)

H. P. Andrews, for Respondent.

Title by adverse possession of defendant was made out. (Code Civ. Proc., secs. 318, 319, 322, 325, 1452, 1582; *McLaren* v. *Benton,* 73 Cal. 329, 2 Am. St. Rep. 814, 14 Pac. 879; *Cunningham* v. *Ashley,* 45 Cal. 485, 493; *Meeks* v. *Olpherts,* 100 U. S. 564; *Fredericks* v. *Judah,* 73 Cal. 608, 15 Pac. 305; *Staples* v. *Connor,* 79 Cal. 15, 21 Pac. 380; *Patchett* v. *Pacific Coast Ry. Co.,* 100 Cal. 505, 35 Pac. 73; *Webb* v. *Winter,* 135 Cal. 455, 67 Pac. 691.)

McFARLAND, J.—The plaintiffs are the children of John E. Church, deceased, and they brought this action to quiet their title to undivided interests in certain lots of land in the town of Red Bluff, in Tehama County, including the undivided half of a lot described as lot 22 in block 12. The court below, sitting without a jury, gave judgment to plaintiffs for the other property involved, but held that plaintiffs are not the owners of or entitled to the possession of any part of lot 22, and that defendant is the owner of all of said last-mentioned lot by adverse possession, and rendered judgment accordingly. From that part of the judgment which decrees that defendant is the sole owner of the whole of lot 22, and from an order denying their motion for a new trial plaintiffs appeal.

The said John E. Church, father of plaintiffs, died testate on January 13, 1886. At that time lot 22 was the community property of the deceased and his wife Elizabeth Church. By his will he devised all his real property to his surviving wife, Elizabeth, "for and during the term of her natural life," provided that she should not marry again, and it is provided by

the will that after her death the property should go to all of
his children who should be then alive, share and share alike,
as tenants in common, and in case of their death without issue
then to go to his brothers and sisters, and it was to go in the
same way upon her marriage. The wife was made executrix
and acted as such until her death. She did not marry again,
and at her death, which occurred on the twenty-second day of
December, 1898, the children, plaintiffs herein, were both
alive. Therefore, the references in the will to the contin-
gencies of her marriage, and of the death of the children
without issue, are of no consequence, except perhaps as touch-
ing upon the argument by counsel whether the remainder to
plaintiffs was vested or contingent; and under our views of
the case that question is immaterial. Therefore, the undi-
vided half of lot 22 went to the widow in fee as survivor of
the community; and under the will she took a life interest in
the other half, with the remainder of that half to plaintiffs.
The only question in the case, therefore, is whether the plain-
tiffs' right as remaindermen to the undivided half of the lot
was barred by the statute of limitations.

Defendant's claim under the statute of limitations rests
upon these facts: In March, 1894, the surviving wife, Eliza-
beth, in her individual capacity, executed two mortgages on
property including lot 22—one to the defendant herein to
secure a loan of twenty-five hundred dollars, and the other to
the husband of defendant to secure a like amount. After-
wards the defendant became the owner of both the mortgages,
and brought an action to foreclose them. She made the plain-
tiffs herein defendants in the foreclosure suit upon the allega-
tion that they claimed some interest in the property which
was subject to the mortgages; and plaintiffs herein, defend-
ants there, made default. Afterwards she obtained a decree
of foreclosure, and purchased the property at the foreclosure
sale and obtained a commissioner's deed. On March 30, 1893,
she dispossessed the executrix and entered upon the said lot
22, and since then has held possession of the same, claiming
to have held it adversely to the whole world. When the pres-
ent action was commenced the defendant had been thus in
possession of the lot in contest for more than five years from
the time of her first entry; but this action was brought within
less than five years after the death of Elizabeth, the life
tenant.

Under the above facts the action was not barred—for the cause of action did not accrue until after the death of the life tenant, and it was brought within the statutory period of limitation after it had thus accrued. Before that time the plaintiffs had no right of possession of the lot, and had no cause of action touching such possession.

It has been universally held that the estate of a remainderman is distinct from that of a tenant of a preceding particular estate, and cannot be, in any way, affected by any act of the particular tenant or his grantee. The rule is stated by Chief Justice Kent in *Jackson* v. *Schoonmaker,* 4 Johns. 402, as follows: "Neither a descent cast, nor the statute of limitations will affect a right, if a particular estate existed at the time of the disseizin, or when the adverse possession began, because a right of entry in the remainderman cannot exist, during the existence of the particular estate; and the laches of a tenant for life will not affect the party entitled. An entry to avoid the statute must be an entry for the purpose of taking possession, and such an entry cannot be made during the existence of the life estate. [Citing cases.]" And in Tiedeman on Real Property (par. 400) it is said: "The tenant cannot do anything to defeat a vested remainder; a disseizin of the tenant affects the remainder in no manner. Nor can the possession of the tenant be deemed adverse to the remainderman, either for the purpose of preventing the latter from conveying his interest, or with a view to defeat it under the statute of limitations, unless the possession be continued after the termination of the particular estate. The statute of limitations does not begin to run until the remainder takes effect in possession." The citation of further authorities to the point is unnecessary; the principle is elementary, and we have been referred to no cases holding otherwise.

The conclusion of the lower court seems to have been arrived at by the process of looking only at section 318 of the Code of Civil Procedure, and considering nothing else. That section provides that no action for the recovery of real property or the possession thereof can be maintained unless the plaintiff or his predecessor was seized or possessed of the property in question within five years before the commencement of the action. But all the law on a wide subject like that of limitation of actions is not to be found in one section. All the statu-

tory provisions on the subject are to be considered, and they are to be construed in view of the presumption that the legislators are acquainted with well-settled principles of law, and legislate with reference thereto. For instance, in section 1452 of the Code of Civil Procedure it is provided that the heirs or devisees may maintain an action for the recovery of the real estate against any one except the administrator or executor; but surely that provision could not be considered as applicable to a remainderman, although he may have received his estate through a devise, and, therefore, is literally in the general category of "devisees"; it means only those heirs and devisees who have a present right of possession, and, therefore, a present cause of action as against every one except the administrator. And so it cannot be held that the legislature intended by section 318 to abrogate or overlook the principle— declared in jurisdictions where statutes of limitations include provisions similar to that of section 318,—that the statute does not commence to run against a cause of action before such cause of action shall have accrued, unless otherwise expressly provided. Our code itself expressly declares this rule in section 312 of the Code of Civil Procedure, where it is enacted that civil actions "can only be commenced within the period prescribed in this title, *after the cause of action shall have accrued,* unless where, in special cases, a different limitation is prescribed by statute"; and there is to our knowledge no statutory provision prescribing a different rule except section 359 of the Code of Civil Procedure, which refers solely to actions against directors or stockholders of corporations. The question here involved has not to our knowledge been directly decided by this court,—probably because no one has heretofore contended that the statute of limitations would run against a remainderman during the life of the particular tenant. But in *Le Roy* v. *Rogers,* 30 Cal. 230, [89 Am. Dec. 88], Justice Rhodes, in delivering the opinion of the court, expressly declared the rule as above stated. In that case the purchaser at a foreclosure sale undertook to maintain that by his purchase he took a new title, and that the statute commenced to run against him only from the date of his purchase; but the court held against this contention, saying that "his estate in the land is the estate that the mortgagor had." And in the discussion of the question the learned justice, after referring to

other instances where a new title might start a new running of the statute, said: "And the remainderman, upon the expiration of the particular estate, does not come in under it, but claims through an independent source of title, and he has his action, though the particular estate man may have been cut off from a recovery against the adverse possessor." And at the time of that decision the provision of said section 318 was part of the law of this state, as it has always been since 1850. (See 2 Hittell's General Laws of California, p. 633.) It would be strange, indeed, if during the life of the particular tenant a remainderman could be compelled to lose his estate on account of another's possession which he would be utterly helpless to interrupt.

Plaintiffs' rights were not affected by the fact that they were made defendants in the foreclosure suit; their title was not subject to the mortgage, but was an independent paramount title, and not a subject of litigation in that suit.

It appears that one Webb was appointed administrator of the estate of John E. Church, deceased, as successor of the executrix, and commenced an action of ejectment against the present defendant Winter to recover possession of the property here in contest. The defendant in that action pleaded the statute of limitations; the trial court gave judgment for her; Webb appealed, and this court affirmed the judgment. (See *Webb* v. *Winter*, 135 Cal. 455, [67 Pac. 691].) But that judgment did not in any way bind the plaintiffs herein. An administrator is not a trustee for a remainderman, and the latter is not estopped by anything the former may do or suffer to be done. In that case the court said: "In this litigation the court is not concerned as to the individual legal *status* of the two adult children. If they have rights above and beyond that of the administrator, those rights are not in litigation here." Section 741 of the Civil Code expressly declares— what was always the law—that "No future interest can be defeated or barred by any alienation or other act of the owner of the intermediate or particular interest."

That part of the judgment appealed from and the order denying the new trial are reversed.

Lorigan, J., and Henshaw, J., concurred.

Hearing in Bank denied.