[Civ. No. 6270. Second Appellate District, Division Two.—February 4, 1930.]

In the Matter of the Application of ELLEN GENEVIEVE FINLEY for Initial Registration of Land. ELLEN GENEVIEVE FINLEY, Appellant, v. FRANK FINLEY et al., Respondents.

James W. Bell for Appellant.

Hewitt, Ford, McCormick & Crump and J. F. Moroney for Respondents.

THOMPSON (IRA F.), J.—The petitioner sought initial registration of a parcel of property which she alleged to own in fee. The court below denied her application and she is here on an. appeal from that judgment.

The facts appearing from the record before us are as follows: On and prior to June 7, 1920, the property was owned by one Rosalie C. Fuller, who on that date contracted to sell it to H. C. Frederick for $3,362.50, payable in installments. Thereafter and on January 7, 1921, Frederick, in consideration of $2,650 paid to him and the assumption by the assignees of the payments to Rosalie C. Fuller, assigned the contract to Thomas Finley and Ellen Finley, who entered into possession of the property on February 1, 1921. Thomas Finley died on June 22, 1921. The escrow instructions of Thomas Finley and his wife Ellen Finley, the appellant, to the escrow-holder of the papers and funds involved in the assignment from Frederick to them called for the assignment to be made to them as joint tenants with the right of survivorship, but for some reason not appearing from the meager record before us this was not done. The money paid to Frederick was taken from funds brought into this state from an eastern state and represented savings

from their joint efforts. After payment of the balance to Rosalie C. Fuller, the appellant demanded of her a deed which the former refused to execute in favor of petitioner. By the terms of the last will of Thomas Finley, deceased, a life estate in the property was devised to the appellant and the remainder to the respondents, who are children of appellant and deceased. One further item should be noted. The appellant was appointed, and the trial court found, that she had continued at all times to act as executrix of the last will and testament of the deceased, Thomas Finley.

Under these facts the appellant asserts that she established the existence of a joint tenancy and therefore as the survivor, owns the property in fee simple. Assuming otherwise, she claims to have established title by adverse possession, and finally, though she did not prove a deed from the former record owner, that she is the equitable owner of the fee and the provisions of the Land Title Act (Deering's Gen. Laws, 1923, p. 3611) are sufficiently comprehensive to allow the registration of an equitable as well as a legal title.

The argument that appellant proved the existence of an estate in joint tenancy is based upon the proposition that she succeeded in establishing that the first payment of $2,650 was a fund, title to which was held by herself and her husband in joint tenancy. The only evidence contained in the record in any way supporting this contention consists of the instruction calling for the assignment of the contract of purchase to be made in their names as joint tenants. We are not unmindful of the authorities which declare that where a fund is owned by two people as joint tenants and it is used for the purchase of real property that the real property is held in like tenure. We must, however, deny the sufficiency of the evidence to establish that title to the money deposited in escrow was held in joint tenancy. Certainly it was not so held at the time it was deposited by the parties in the escrow and unless the instructions can be construed to operate as or constitute a transfer the title to the money was not altered. In our state the common-law rule respecting the creation of estates in joint tenancies has been abrogated by section 683 of the Civil Code, which at the time of the transaction here in question read as follows: "A joint interest is one owned by several persons in equal shares, by a title created by a single will or *transfer*

*when expressly declared in the will or transfer to be a joint tenancy,* or when granted or devised to executors or trustees as joint tenants." (Italics ours.) Very early in California jurisprudence the substance of the section just quoted was under the scrutiny of the Supreme Court. In *Bowen* v. *May,* 12 Cal. 348, decided in 1859, it was said: "Joint tenancies are not favored by our system—the statute having abrogated the common-law rule of conveyances in this respect—so that in order to constitute a joint estate in lands in two or more persons, such estate must be expressly declared in the conveyance itself, otherwise the estate conveyed will be held by the grantees as tenants in common." We have been unable to find an instance where this declaration has ever been questioned or disputed. In fact in *Denigan* v. *San Francisco Sav. Union,* 127 Cal. 142 [78 Am. St. Rep. 35, 59 Pac. 390], it is affirmed in substance. There the contest revolved around an account in the defendant bank "in the name of 'Francis and Ellen Denigan, payable to either.'" The court, after referring to the section we have quoted said: "The money deposited by Ellen was up to that time her separate property, and it cannot be said that she then acquired any interest therein; and, if it could be assumed that by reason of the form in which the deposit was made Francis acquired any interest therein, it was acquired at a different time and by a different title from that of Ellen. There was no declaration that the money should be held in joint tenancy, and the words 'payable to either' placed in the account take away the claim of a joint interest." So here, in so far as the money is concerned, there was no transference of title from the appellant to her husband or *vice versa,* nor was there a declaration that the fund should thereafter be held by them as a joint tenancy. To put the question beyond the bounds of legitimate debate, let us assume that for some reason the escrow had failed and the sum of $2,650 had been returned to the depositors. Can it be seriously argued that the parties would not have owned the sum under the same title by which they held it prior to the time it was placed in escrow?

It is of course obvious that appellant has not established a title by adverse possession, at least by the facts which are brought to us in the record. Her possession was not adverse to that of her husband prior to his death. Nor

was it adverse to Rosalie C. Fuller, the seller of the property until after the payments to her had been completed, the date of which does not appear, it being fairly inferable, however, from the findings that they continued for some time after the death of Thomas Finley. By the will of the deceased the petitioner became a life tenant as to the undivided one-half interest owned by decedent, and the contesting children occupied the position of remaindermen. Under the authority of *Pryor* v. *Winter*, 147 Cal. 554 [109 Am. St. Rep. 162, 82 Pac. 202], and cases there cited, the possession of the life tenant cannot be considered adverse to that of the remaindermen. In other words, no right of entry exists in the remaindermen during the continuance of the life estate. ▆▆ The third and last point advanced by appellant that she is entitled by reason of being the equitable owner of the property to have the title registered, is founded upon the assumption that the title was held by her and her husband as joint tenants. Our disposition of the first point makes further comment unnecessary.

Judgment affirmed.

Craig, Acting P. J., and Burnell, J., *pro tem.*, concurred.