[S. F. No. 13478. In Bank.—July 27, 1931.]

ANNA DALTON, Respondent, v. LOUIS H. KEERS et al., Defendants; JACOB HUNTZICKER, as Executor, etc., Appellant.

Ernest K. Little for Appellant.

Austin Lewis and M. M. Getz for Respondent.

SHENK, J.—This is an appeal from a judgment in specific performance.

In October, 1919, Anna Dalton, the plaintiff, and George W. Gould, since deceased, established a joint bank account in the Hibernia Savings and Loan Society in San Francisco. Thereafter from time to time and until August 24, 1926, deposits were made in that account aggregating some $15,000. It is an admitted fact that all of the money deposited in that account, prior to deposit, belonged to George W. Gould, and that all of the withdrawals therefrom were made by the plaintiff.

On May 10, 1926, the defendants Keers and McGain were the owners of the real property involved in this action, which is located in San Mateo County, and which is described by metes and bounds. On that day they were paid from the joint account the sum of $1100, which was the full purchase price of said property. Instead of taking a deed to the property, and for reasons which do not appear from the record, an ordinary contract of conditional sale was executed, wherein Keers and McGain were named as the sellers and G. W. Gould *or* Anna Dalton were named as the purchasers. Receipt of the $1100 was acknowledged therein as payment in full. On July 26, 1926, George W. Gould *and* Anna Dalton executed a written contract with a builder· for the construction of a house on said property for the sum of $3,375.

George W. Gould died on October 28, 1926, in the city of San Francisco. On the day before his death, Anna Dalton withdrew from the bank account the sum of $2,000, and on the day of his death she withdrew the further sum of $270, thereby reducing the balance in the account to the sum of $5.53.

The decedent's will was filed for probate, and in February, 1927, the defendant executor was appointed. In April, 1928, this action was brought by Anna Dalton to compel the conveyance to her as sole owner of the title to said property. The complaint is grounded on said contract of purchase and sale. The defendants Keers and McGain interposed no defense and stand ready to convey the title in accordance with the order of the court. The executor answered and also filed a cross-complaint, in which it was alleged that George W. Gould, prior to 1914, was a resident of South Dakota; that about that time he came to California to regain his health; that shortly thereafter he took up his residence with Anna Dalton and her husband in San Francisco; that Mr. Gould paid the rent and upkeep of the house until the time of his death; that by reason of his poor health he could not conveniently attend to his banking and other business; that he reposed great trust and confidence in Anna Dalton and by reason thereof he established the bank account in the manner above described; that during the existence of said account the withdrawals from said fund were made by Anna Dalton for the use and benefit of George W. Gould; that in May, 1926, said real property was purchased on the advice of Anna Dalton; that said building contract was entered into for and on behalf of George W. Gould, and that the withdrawals were made from said bank account by Anna Dalton as the agent and trustee of George W. Gould. The prayer of the cross-complaint was that it be decreed that George W. Gould was the owner of said property during his lifetime; that a conveyance be ordered in favor of the executor and for an accounting of said fund on the part of the plaintiff.

The trial court refused to permit the defendant executor to introduce any evidence as to the confidential relationship existing between Anna Dalton and the decedent. On proof of the contract to convey and the payment of the $1100 from said bank account, the court found the allegations of the com-

plaint to be true and the foregoing allegations of the cross-complaint to be untrue, and ordered judgment accordingly. The defendant executor appeals on the ground that the evidence does not support the findings and judgment.

It is apparent that the only theory upon which the judgment may be supported is that the contract of purchase created a joint interest in the purchasers which inured to the benefit of the survivor. Section 683 of the Civil Code provides: "A joint interest is one owned by several persons in equal shares, by a title created by a single will or transfer, when expressly declared in the will or transfer to be a joint tenancy, or when granted or devised to executors or trustees as joint tenants." Section 686 of the Civil Code provides: "Every interest created in favor of several persons in their own right is an interest in common, unless acquired by them in partnership, for partnership purposes, or unless declared in its creation to be a joint interest, as provided in section 683, or unless acquired as community property."

The foregoing sections remained the same from the time of their enactment, in 1872, to the time of the commencement of the present action. Prior to their enactment it was declared in the early case of *Bowen* v. *May*, 12 Cal. 348, that in order to constitute a joint estate in lands in two or more persons, such estate must be expressly declared in the conveyance itself, otherwise the estate conveyed will be held by the grantees as tenants in common. In *Estate of Hittell*, 141 Cal. 432 [75 Pac. 53], it was held that an interest in real property in favor of several persons is an interest in common, unless a joint interest is created as provided in section 683 of the Civil Code.

It is clear that the contract now under consideration did not create a joint tenancy in Anna Dalton and George W. Gould. This it true, not because of the use of the disjunctive, but by reason of the fact that the instrument itself did not so declare. The question is, what interest, if any, did the instrument create? No question is raised as to the obligation of the sellers to convey to the party or parties entitled. The purchasers thereunder became the equitable owners of the property (*Estate of Dwyer*, 159 Cal. 664 [115 Pac. 235]; 6 Cal. Jur., p. 527), and entitled to demand performance. If the purchasers had been named in the conjunctive, no doubt could arise, and they would take as tenants in common. There

is a strong inference from the evidence that the purchasers intended to take as tenants in common arising from the execution by them jointly of the building contract. If such was the intention the instrument might have been reformed so as to effectuate that intention and the two would take as tenants in common.

In any event the interest, if any, which the purchasers acquired under the contract of purchase was not a joint tenancy, under the express language of sections 683 and 686 of the Civil Code, and the judgment based on such contract, vesting exclusive title in the plaintiff, cannot be sustained.

The judgment is reversed.

Curtis, J., Preston, J., Waste, C. J., and Seawell, J., concurred.