[Civ. No. 18436.   First Dist., Div. Two.   July 27, 1959.]

ROSALIND M. BLEVINS, Individually and as Executrix, etc., Respondent, v. MARY J. PALMER, Appellant.

Trippet, Yoakum, Stearns & Ballantyne, Oscar A. Trippet and David Freeman for Appellant.

Hudson, Martin, Ferrante & Street and Webster Street for Respondent.

DOOLING, J.—Plaintiff and respondent Rosalind M. Blevins is the widow of A. R. Blevins who died on April 9, 1956, and appellant Mary J. Palmer is the mother of said A. R. Blevins. On May 5, 1947, by deed from one Hazel A. Harris to A. R. Blevins and Rosalind M. Blevins, his wife, and to Mary J. Palmer an undivided one-half interest in the subject real property was conveyed to the Blevins, husband and wife, as joint tenants, and the other undivided one-half was conveyed to Mary J. Palmer.

On January 14, 1948, the Blevins, husband and wife, and Mary J. Palmer as grantors, "the parties of the first part," executed a deed of this property to A. R. Blevins and Mary J. Palmer, "as joint tenants the parties of the second part."

After the death of A. R. Blevins, Mary J. Palmer by her sole deed conveyed this property to Donald and Elizabeth Partridge and took a note secured by deed of trust from the Partridges to secure the payment of the purchase price.

Respondent Rosalind M. Blevins filed this action in three counts both individually and as executrix of her deceased husband's estate. Count 1 alleges that the property was owned by the decedent and Mary J. Palmer as tenants in common; count 2 alleges the expenditure of community funds in payment for and improvement of the property and asserts a community interest in said property by reason thereof; and count 3 alleges that the conveyances to Mary J. Palmer were made as security for advances which have been repaid.

The trial court concluded that the deed of January 14, 1948, was ineffective to create a joint tenancy and that it in fact created a tenancy in common in the property conveyed to the grantees A. R. Blevins and Mary J. Palmer and entered judgment in favor of respondent as executrix for one-half the payments already received by appellant, Mary J. Palmer, from the sale of said property to the Partridges and decreeing

326

the right of the estate to a one-half interest in the purchase note and deed of trust given by the Partridges to appellant. The court reserved, as unnecessary to the decision, the question of the asserted community property rights.

The trial court's conclusion that the deed of January 14, 1948, did not create a joint tenancy in the grantees was based upon the trial court's construction of section 683 of the Civil Code which then provided (Stats. 1935, p. 912):

"A joint interest is one owned by two or more persons in equal shares, by a title created by a single will or transfer, when expressly declared in the will or transfer to be a joint tenancy, or by transfer from a sole owner to himself and others, or from tenants in common to themselves, or to themselves and others, or from a husband and wife when holding title as community property or otherwise to themselves or to themselves and others when expressly declared in the transfer to be a joint tenancy, or when granted or devised to executors or trustees as joint tenants. A joint tenancy in personal property may be created by a written transfer, instrument or agreement. Provisions of this section shall not restrict the creation of a joint tenancy in a bank deposit as provided for in the Bank Act."

The court construed the words of this section: "to themselves, or to themselves and others," *strictly as words* of limitation upon the power of grantors in such a transfer, giving the word "themselves" a meaning equivalent to "*all* of themselves" in the case of transfers by tenants in common and to "*both* of themselves" in the case of transfers by husband and wife. Under this construction of the section as it then read while a joint tenancy could be created by a deed from tenants in common to *all* of such tenants in common or to *all* of such tenants in common and another or others, a joint tenancy could not be created by such a deed to *less than all* of such tenants in common or to *less than all* of such tenants in common and another or others. Similarly in the case of grants by husband and wife a joint tenancy could be created by transfer to *both* husband and wife or to *both* husband and wife and another or others, but could not be created by a transfer to either husband or to wife and another or others.

In determining whether the construction which leads to this rather peculiar result is the proper construction and the one intended by the Legislature our first touchstone is found in section 4 of the Civil Code itself, which provides:

"The rule of the common law, that statutes in derogation thereof are to be strictly construed, has no application to this code. The code establishes the law of this state respecting the subjects to which it relates, and its provisions are to be liberally construed with a view to effect its objects and to promote justice."

It is suggested by respondent that while in general the rule of liberal construction enjoined by this code section must be followed in construing the sections of the Civil Code, a statute providing a mode of divesting title to property must be strictly construed and followed. No good reason is suggested why sections of the Civil Code dealing with transfers of real property should be excluded from the general provisions of section 4, which in terms applies to every section of that code without exception, and it was expressly held in *Tennant* v. *John Tennant Memorial Home*, 167 Cal. 570, 573 [140 P. 242] that the provisions of the Civil Code dealing with transfers of real property are, as required by section 4, to be "liberally construed with a view to effect its object[s]."

As an aid to a liberal construction of Civil Code, section 683 "to effect its objects" we are entitled to look to the history of the legislation and the purpose sought to be achieved by the amendment of the section in 1935 which added the provisions which we are called upon to construe. (45 Cal.Jur. 2d, Statutes, § 129, pp. 636-637.)

Historically joint tenancies were said to require four unities: time, title, interest and possession. (13 Cal.Jur.2d, Cotenancy, § 8, p. 295.) Because a grant from one to himself and another was held to lack the unities of time and title many courts held that a joint tenancy could not be created by such a grant, although the courts in an increasing number of jurisdictions rejected the restraint of this archaic notion and held that a joint tenancy could be created in this fashion. (14 Am.Jur., Cotenancy, § 11, p. 83; notes in 62 A.L.R. 514; 137 A.L.R. 348; 166 A.L.R. 1026; 44 A.L.R.2d 595.) To avoid the possibility of the application of the archaic rule (although no California case applying it has been called to our attention) careful lawyers and the even more cautious title insurance companies insisted, in every case where a grantor wished to create a joint tenancy in which such grantor would be one of the joint tenants, on a transfer to a dummy who in turn would convey to the intended joint tenants. (13 Cal.Jur.2d, Cotenancy, § 11, pp. 297-298.) The obvious and self-evident

purpose of the Legislature in amending section 683 was to do away with this senseless procedure which required two deeds to accomplish the purpose of one.

▮ The evil sought to be corrected was the supposed necessity, where a grantor would also appear as grantee in a deed creating a joint tenancy, of having the title transferred through a dummy or intermediary—circuitously by two deeds rather than directly by one. The rule sought to be avoided imposed a restraint on grantees not on grantors. If A and B, cotenants, wished to convey to B and C in joint tenancy there was no supposed inability in A to convey to B and C in joint tenancy. The supposed inability lay in B's conveying to himself and C in joint tenancy. So when the Legislature amended section 683 its purpose was to permit those grantors who also appeared in the transfer as grantees to create a joint tenancy by a single deed.

To strictly construe the language of the section to require *all* grantors in the case of cotenants and *both* grantors in the case of husband and wife to also appear as grantees in order to effectively create a joint tenancy by one deed would be to frustrate and nullify the object of the amendment rather than to construe it liberally with a view to effect its objects as required by Civil Code, section 4.

▮ The courts have frequently pointed out that if a strict and literal construction is opposed to the legislative intention apparent from the act the literal construction should not prevail. (45 Cal.Jur.2d, Statutes, § 130, pp. 637-638; *In re Haines*, 195 Cal. 605, 612-613 [234 P. 883]; *County of Los Angeles* v. *Frisbie*, 19 Cal.2d 634, 639 [122 P.2d 526]; *People* v. *Centr-O-Mart*, 34 Cal.2d 702, 704 [214 P.2d 378]; *Freedland* v. *Greco*, 45 Cal.2d 462, 467 [289 P.2d 463].)

In *In re Haines, supra,* 195 Cal. at page 613, the court quoted from Lewis' Sutherland on Statutory Construction, 2d edition, section 376, page 721:

"The mere literal construction of a section in a statute ought not to prevail if it is opposed to the intention of the legislature apparent by the statute; and if the words are sufficiently flexible to admit of some other construction it is to be adopted to effectuate that intention."

▮ The construction placed on section 683 by the trial court is supposed to be compelled by the use of reflexive "themselves" which the trial court concluded must be limited to a collective sense. i.e., "all of them." It may as logically be construed in a distributive sense, i.e., "all or any part of

them.'' Such a construction is in keeping with the provision of Civil Code, section 14: ''the singular number includes the plural, and the plural the singular.'' Construing the plural ''themselves'' as including the singular it includes, as well as ''all of themselves'' (plural), ''any or one of themselves'' (singular).

The amendment of 1935 reads: ''to themselves and others.'' It would be an absurd construction to hold that because the statute uses the plural ''others'' such a deed could not be effectively made to themselves and one other (singular). No good reason appears why the plural ''themselves'' should not be similarly construed to include the singular. Such construction not only carries out the legislative object, it also brings reason instead of unreason to the construction of an amendment designed to eliminate from the law an archaic concept of medieval conveyancing.

Respondent points out that in 1955 the section was amended ·by the addition of the words ''or some of them . . . or any of them . . . or to one of them.'' (Stats. 1955, p. 645.) This is cited as an evidence of legislative construction that before the amendment ''themselves'' meant ''all'' or ''both of themselves.'' The Legislature of 1955 had no more knowledge than this court of the intent of the Legislature in amending section 683 in 1935, 20 years before. The amendment may be properly regarded as a clarification only.

The issue of community rights and perhaps other issues will arise on a second trial. We are only here deciding the single question of law presented by the judgment and the briefs.

Judgment reversed.

Draper, J., concurred.

KAUFMAN, P. J.—I dissent. The main question here involved is whether section 683 of the Civil Code as it existed in 1948 prohibited the creation of joint tenancy estates except as specified, as contended by the respondent, or whether the Legislature intended to permit additional ways of creating joint tenancy estates, as contended for by the appellant. I think that it is clear that a joint tenancy interest must be created in accordance with the terms and language of section 683 of the Civil Code. (*Dalton* v. *Keers*, 213 Cal. 204 at 207 [2 P.2d 355]; *Estate of Dean*, 68 Cal.App.2d 86 [155 P.2d

901].) Section 683 of the Civil Code has abrogated the common law on the subject. A statute providing a mode of divesting title to property is strictly construed and followed. (23 Cal.Jur., Statutes, § 177, p. 800.) Under this view a joint tenancy may be created only in the precise manner set forth in the statute. Accordingly, as was done here, a conveyance from three tenants in common to two of them, or from a husband and wife to one of them and another, is not a "conveyance to themselves and others" within the language of the statute.

The 1955 amendment to section 683 of the Civil Code supports this view. This amendment expressly permitted the creation of a joint tenancy by a single transfer from tenants in common or joint tenants to *less* than all of them or to less than all of them and others, which was not permissible under the section as it existed prior to the 1955 amendment.

Here the 1948 deed did not comply with the provisions of section 683 of the Civil Code, hence no joint tenancy was created.

I would affirm the judgment of the trial court.

Respondent's petition for a hearing by the Supreme Court was denied September 22, 1959.